UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **FARRIS WILLIAMS, JR.,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | **CIVIL ACTION V-07-105** |
| **NATHANIEL QUARTERMAN,** § | |
| Director, Texas Department of § | |
| Criminal Justice, Institutional Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Farris Williams, Jr. ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the revocation of his community supervision. (Dkt. No. 1.)  Respondent Nathaniel Quarterman ("Respondent"), as Director of the Texas Department of Criminal Justice, Institutional Division (TDCJ), filed a motion to dismiss, asserting that Petitioner's claims are now moot because he has discharged his sentence and is no longer in TDCJ custody. (Dkt. No 11.) After reviewing the motion, response, record, and applicable law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

**Background**

On January 25, 2005, Petitioner pled guilty to fraudulent use of identifying information in violation of Texas Penal Code Section 32.51(c). *State v. Williams*, No. 2004-4-6054 (24th Dist. Ct., Calhoun County, Tex., Jan. 25, 2005). Petitioner was given a two-year suspended sentence and placed on community supervision for five years. *Id.* Following a hearing on November 16, 2006, the court determined that Petitioner had

violated the conditions of community supervision and ordered Petitioner's original two-year sentence reinstated. (Dkt. No. 1 at 18—19.)

On March 20, 2007, Petitioner filed a state habeas application challenging the revocation of his community supervision. (Dkt. No. 12, Ex. D.) The Texas Court of Criminal Appeals denied Petitioner's application without written order on July 11, 2007. *Ex Parte Williams*, No. WR-10,591-04 (Tex. Crim. App. 2007). On November 8, 2007, Petitioner filed the present habeas petition, again challenging the revocation of his community supervision. Roughly four months later, on March 20, 2008, Petitioner discharged his sentence and was released from TDCJ custody. (Dkt. No. 11, Ex. A.)

**Analysis**

In reviewing Petitioner's claim, the Court must make two separate inquiries: (1) whether Petitioner meets the "in custody" requirement of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(a); and (2) whether this action has been rendered moot by Petitioner's release. *Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985).

Under AEDPA, federal district courts have jurisdiction to entertain petitions for writs of habeas corpus from persons who are "in custody in violation of the Constitution of law or treaties of the United States." 28 U.S.C. § 2254(a). Respondent contends that "[b]ecause [Petitioner] is no longer in TDCJ custody, this Court does not have jurisdiction to consider his claims . . . ." (Dkt. No. 11 at 4.) However, as the Fifth Circuit has recognized, "It is well settled that a habeas corpus petitioner meets the statutory 'in custody' requirements when, *at the time he files the petition* . . . he is in custody pursuant to the conviction he attacks . . . ." *Carter*, 755 F.2d at 1129 (emphasis added). Because

Petitioner was in TDCJ custody when he filed the instant petition, he meets the statutory requirements of AEDPA.

The Court next turns to the question of whether Petitioner's claim is moot. To reach the merits of an action, the Court must be satisfied that the action presents a case or controversy as defined by Article III. At a minimum, this requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Challenges to the validity of a conviction satisfy the case-or-controversy requirement because the incarceration or restrictions on parole constitute a concrete injury caused by the conviction and are redressable by the conviction's invalidation. *Id.*; *see also Sibron v. New York*, 392 U.S. 40, 55 (1968); *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. If the motion is attacking the validity of the criminal conviction itself, courts have been willing to presume continuing collateral consequences, despite the fact they may be remote and unlikely to occur. *Id.* at 7—8; *see also Carafas*, 391 U.S. at 237 (reasoning that a convicted felon's inability to vote in a state election or serve as a juror, among other collateral consequences, would prevent such a habeas challenge from being moot).

By contrast, challenges to a revocation of parole or mandatory supervision do not give rise to a presumption that collateral consequences exist for the purpose of creating

an actionable case or controversy once a prisoner has been released. *Spencer*, 523 U.S. at 14. A petitioner challenging only the revocation, and not the underlying conviction, must affirmatively allege and demonstrate collateral consequences. *Id.*

In his habeas petition, Petitioner contends his community supervision was wrongly revoked because the prosecutor in his revocation hearing: (1) was biased against Petitioner because Petitioner was simultaneously suing him in civil court; and (2) committed misconduct by preventing Petitioner from exercising his right to consult an attorney. (Dkt. No. 1 at 7.)[1] Petitioner is challenging only the revocation of community supervision, and he has not alleged any collateral consequences of that revocation. Thus, his petition is moot and must be dismissed.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Dkt. No. 11) is GRANTED, Petitioner's habeas petition (Dkt. No. 1) is DISMISSED, and Petitioner's Motion for Summary Judgment (Dkt. No. 12) is DENIED as moot.

It is so ORDERED.

Signed this 10th day of February, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner alleges for the first time in his Motion to Deny Respondent's Motion to Dismiss; and Grant a Summary Judgment that he is also challenging the legality of his conviction. (Dkt. No. 12.) Petitioner may not belatedly amend his petition through arguments in response to Respondent's Motion to Dismiss. *See R. Ready Productions, Inc. v. Cantrell*, 85 F. Supp. 2d 672, 692 (S.D.Tex. 2000). Further, all of the conduct about which Petitioner complains—namely the actions of Mr. Heard—allegedly occurred during Petitioner's revocation hearing, and Petitioner has failed to demonstrate, or even allege, that these actions had any effect on his conviction.